RECORD NUMBER: 13-4100

# United States Court of Appeals
### *for the*
# Fourth Circuit

---

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

DARRELL T. WASHINGTON, a/k/a D-Black,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT COLUMBIA

# OPENING BRIEF OF APPELLANT

JONATHAN M. MILLING
MILLING LAW FIRM, LLC
1614 Taylor Street
Suite C
Columbia, SC 29201
(803) 451-7700

*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION............................................................................. 1

ISSUES PRESENTED FOR REVIEW ......................................... 1

STATEMENT OF THE CASE........................................................ 1

STATEMENT OF THE FACTS .................................................... 3

SUMMARY OF THE ARGUMENTS .......................................... 7

ARGUMENT I................................................................................ 7

    Standard of Review.................................................................. 7

    I.  THE DISTRICT COURT ERRED IN INCREASING MR.
        WASHINGTON'S MANDATORY MINIMUM SENTENCE...... 8

ARGUMENT II ............................................................................ 15

    Standard of Review................................................................ 15

    II.  THE DISTRICT COURT ERRED IN ADOPTING THE
         PSR'S OFFENSE LEVEL OF 36 FOR MR. WASHINGTON.... 16

CONCLUSION ........................................................................... 17

STATEMENT REGARDING ORAL ARGUMENT ................... 17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**

*Alleyne v. United States*,
   133 S. Ct. 1251 (2013)......................................................... 8, 9, 10, 11

*Almendarez-Torres v. United States*,
   523 U.S. 224 (1998)..................................................................... 11, 15

*Apprendi v. New Jersey*,
   530 U.S. 466 (2000)....................................................................... 8, 9, 11

*Descamps v. United States*,
   133 S. Ct. 2276 (2013)............................................................ 11, 14, 15

*Gall v. United States,*
   552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ............. 7, 8, 15

*Harris v. United States*,
   536 U.S. 545 (2002)................................................................................. 9

*In re Winship*,
   397 U.S. 358 (1970)................................................................................. 8

*James v. United States*,
   550 U.S. 192 (2007)............................................................................... 11

*Shepard v. United States*,
   544 U.S. 13 (2005)................................................................... 13, 14, 15

*Taylor v. United States*,
   495 U.S. 575 (1990)........................................................................ 13, 15

*United States v. Alston*,
   611 F.3d 219 (4th Cir. 2010) ................................................... 12, 13, 14

*United States v. Evans*,
   462 Fed. Appx. 315 (4th Cir. 2012) ............................................... 7, 15

*United States v. Gaudin*,
    515 U.S. 506 (1995) ................................................................ 8

*United States v. Howard*,
    115 F.3d 1151 (4th Cir. 1997) ..................................... 12, 14

*United States v. Kellam*,
    568 F.3d 125 (4th Cir. 2009) ......................................... 15

*United States v. Lawson*,
    677 F.3d 629 (4th Cir. 2012) ............................................ 8

*United States v. Layton,*
    564 F.3d 330 (4th Cir.),
    *cert. denied,* —— U.S. ——,
    130 S. Ct. 290, 175 L. Ed. 2d 194 (2009) .................................. 7, 8, 15

*United States v. Smith*,
    451 F.3d 209 (4th Cir. 2006) ...................................... 12, 14

*United States v. Strieper,*
    666 F.3d 288 (4th Cir. 2012) ............................................ 8

**Rules, Statutes, and Other Authorities:**

18 U.S.C. § 924(c)(1)(A) ................................................................. 9

18 U.S.C. § 924(c)(1)(A)(i) ............................................................ 9

18 U.S.C. § 924(c)(1)(A)(ii) .......................................................... 9

21 U.S.C. § 851 ........................................................................... 2

21 U.S.C. § 841(a)(1) .................................................................. 1

21 U.S.C. § 841(b)(1) ................................................................ 10

21 U.S.C. § 841(b)(1)(B) ............................................................. 1

21 U.S.C. § 851 ................................................................................ 1, 14, 16

28 U.S.C. § 1291 ...................................................................................... 1

U.S.S.G. § 2D1.1 .................................................................................... 16

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a final judgment of the United States District Court, District of South Carolina, for a criminal prosecution pursuant to 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B) and 851.   Mr. Washington was convicted by a jury on June 26, 2012.   The Sentence was imposed on January 17, 2013, and Judgment entered on January 25, 2013.   The Notice of Appeal was filed on February 7, 2013.   An Amended Judgment correcting a clerical error was filed on February 25, 2013. Jurisdiction in the Court of Appeals is authorized pursuant to 28 U.S.C. §1291.

## ISSUE PRESENTED FOR REVIEW

I.    WHETHER THE DISTRICT COURT ERRED IN INCREASING MR. WASHINGTON'S MANDATORY MINIMUM SENTENCE BY CONSIDERING FACTS NOT ALLEGED IN AN INDICTMENT, NOR FOUND BY A JURY.

II.   WHETHER THE DISTRICT COURT ERRED IN ADOPTING THE PSR'S OFFENSE LEVEL RECOMMENDATION ATTRIBUTING CERTAIN DRUG WEIGHTS TO MR. WASHINGTON AT SENTENCING.

## STATEMENT OF THE CASE

The defendant, Darrell Tito Washington, was one of ten (10) defendants named in a forty-seven (47) count Second Superseding Indictment ("Indictment"). The Indictment charged Mr. Washington with, beginning in or about the summer of 2000, being involved in a conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine (Count 1); possession with intent to distribute and distribution of 28 grams or more

1

of cocaine base (Counts 5 and 23); felon in possession of a firearm (Counts 6 and 24); use and carrying a firearm in furtherance of a drug trafficking crime (Count 25); and use of a communication facility to facilitate a narcotics offense (Counts 34, 42 and 44).   An Information was filed on January 3, 2012, pursuant to 21 U.S.C. § 851, seeking to establish a prior conviction and subject Mr. Washington to enhanced penalties.

Following several continuances, a jury was selected in the instant matter on May 8, 2012, with trial beginning on June 19, 2012.   After four (4) days of testimony, the jury received the case on June 25, 2012, and returned a verdict the following day.   Mr. Washington was convicted of Counts 1, 23, 24, 25, 34, 42 and 44.[1]   Following the return of the verdict, Phase II of the jury trial proceeded, with the jury returning a verdict on Count One attributing five (5) kilograms or more of cocaine and 280 grams or more of cocaine base to the Conspiracy and to Mr. Washington.   The jury also returned a verdict on Phase II attributing 28 grams or more to Mr. Washington on Count 23.

After conducting a Pre-Sentence Interview, the United States Probation Office prepared its Pre-Sentence Report ("PSR").   The PSR recommended to the Court that the appropriate sentencing range for Mr. Washington was the mandatory minimum sentence of 300 months in prison; Mr. Washington's otherwise applicable

_____

[1] Mr. Washington was acquitted of Counts 5 and 6 which both related to a May 6, 2009 incident.

2

guideline range was below this period of incarceration. On January 17, 2013, District Court concluded that the mandatory minimum applied, and imposed a sentence of 300 months incarceration. Judgment was entered thereafter on January 25, 2013. Mr. Washington, through counsel, timely filed his Notice of Appeal on February 7, 2013.

For the reasons set forth herein, Mr. Washington submits that (1) his convictions should be vacated, and (2) alternatively, the sentence should be vacated and remanded for resentencing.

## STATEMENT OF THE FACTS

The facts, as presented at trial and in the PSR, are as follows:

According to law enforcement, the investigation which led to the arrest of Mr. Washington began when agents were able to make several cocaine purchases from Antonio Williams, a/k/a "Dollar Bill." **JA, p.163, ¶ 12.** As a result of these purchases, the Federal Bureau of Investigations ("FBI") sought and obtained a court-ordered intercept of wire communications on multiple telephones utilized by Antonio Williams. **See id.** Mr. Washington was intercepted on Antonio Williams' telephone lines engaging in conversations in an attempt to facilitate narcotics transactions in May and June 2011. **See JA, p. 61 (Count 42), 62 (Count 44); 72-74.**

As a part of the instant investigation, law enforcement interviewed many

3

historical witnesses. Through these witnesses, law enforcement received information indicating that Mr. Washington engaged in cocaine and cocaine base distribution as early as 2001. **JA, p. 163-64, ¶ 15-16.** Additionally, on December 20, 2003, Mr. Washington was arrested in Richland County, South Carolina and charged with narcotics activities. **JA, p. 163, ¶ 13; 172, ¶ 56; 176, ¶ 70.** Mr. Washington pled guilty on December 2, 2004 to Possession with intent to Distribute Crack Cocaine; this offense forms the basis for the enhancement sentence. **See JA, p. 44.**

On May 6, 2009, State law enforcement officers executed a search warrant at 312 Floyd Drive, Columbia, South Carolina after receiving information of illicit activities and conducting a controlled purchase from the residence. **JA, p. 164, ¶ 17.** Mr. Washington was present at the residence during the execution of the search warrant. Narcotics and firearms were present and seized. This search formed the basis for Counts Five and Six of the Indictment, of which Mr. Washington was acquitted. **See JA, p. 45-69; 72-77.**

Mr. Washington was arrested on the instant conspiracy charge on September 13, 2011, and a search warrant was also executed at his residence, 1819 Inglewood Drive, Columbia, South Carolina. **JA, p. 167, ¶ 32.** Narcotics and firearms were seized and these items form the basis for Counts 23, 24 and 25 of the Indictment. **See JA, p. 45-69.**

4

Following his arrest, Mr. Washington initially elected to cooperate. During the interview process, Mr. Washington acknowledged certain narcotics activities, but the Government determined he was being untruthful and moved the Court to determine Mr. Washington breached his proffer agreement, a determination that was made on June 7, 2012.

Thereafter, Mr. Washington proceeded to trial. Numerous witnesses were presented during the Government's case in chief to outline Mr. Washington's narcotics activities, consistent with the preceding paragraphs herein. Mr. Washington also executed a Stipulation wherein he acknowledged a prior felony conviction which prohibited his possession of a firearm, as well as the firearm's travel in interstate commerce. **See JA, p. 70-71.** Mr. Washington's admissions made during his cooperation were also admitted against him during his trial.

Hearing the evidence, on June 26, 2012, the jury returned a guilty verdict on Counts One, 23, 24, 25, 34, 42, and 44. **JA, p. 72-74.** Mr. Washington was acquitted of Counts 5 and 6. Following the return of the verdict, Phase II of the jury trial proceeded, with the jury returning a verdict on Count One attributing five (5) kilograms or more of cocaine and 280 grams or more of cocaine base to the Conspiracy, and to the defendant. **JA, p. 75-77.** The jury also returned a verdict on Phase II attributing 28 grams or more to Mr. Washington on Count 23. **Id.**

After conducting a Pre-Sentence Interview, the PSR was prepared and

recommended to the Court that the appropriate sentencing for Mr. Washington was 300 months in prison. **JA, p. 185, ¶ 123.** This was based upon the mandatory minimum sentence of 20 years on Count One, the narcotics conspiracy count, and the mandatory consecutive sentence associated with Count 25. Without the mandatory minimum, Mr. Washington's otherwise applicable Guideline Range was 248-295 months incarceration.[2] **Id.** Mr. Washington objected to the drug weights, maintained his innocence, and denied the conduct outlined in the PSR. **See JA, p.153-55.**

Sentencing for Mr. Washington was held on January 16-17, 2013. In response to the PSR, Mr. Washington maintained his innocence of the charges and objected to the entirety of the factual summary in the PSR which determined his offense level, as well as his Guideline analysis. **See id.** Mr. Washington also objected to the § 851 enhancement, but acknowledged that the status of the law at that time precluded challenge. The Court then adopted the PSR, as written and over the objection of Mr. Washington, finding an Offense Level of 36, and a Criminal History Category of I. His Guideline Range was, however, increased to 240 months on Count One and a consecutive 60 months on Count 25. While the Government sought an upward variance, and a sentence in excess of 300 months, the

---

[2] Had the Court imposed a 1:1 crack to powder ratio as referenced in the PSR, Mr. Washington's otherwise applicable Guideline Range would have been 211 to 248 (Level 34, Criminal History I, plus 60 month mandatory consecutive sentence). JA, p. 187-88, ¶ 137.

District Court agreed with Mr. Washington and declined to impose a sentence in excess of the mandatory minimum.   On January 17, 2013, a sentence of 300 months incarceration was imposed by the Court.   Judgment was entered thereafter on January 25, 2013.

Mr. Washington, through his counsel, subsequently filed a Notice of Appeal. **JA, p. 151.**   For the reasons set forth herein, this matter should properly be remanded to the District Court for a new trial, or alternatively, for resentencing.

## SUMMARY OF THE ARGUMENTS

**ARGUMENT I**:   The District Court erred in applying a §851 enhancement and increasing Mr. Washington's mandatory minimum sentence from 10 to 20 years.

**ARGUMENT II**:  The District Court erred in adopting the PSR's Offense Level of 36 for Mr. Washington.

## ARGUMENT I

**Standard of Review:**

A sentence, including a decision to apply a § 851 enhancement, is reviewed for reasonableness, applying an abuse of discretion standard. *United States v. Evans*, 462 Fed.Appx. 315, 317 (4th Cir. 2012)(citing *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Layton,* 564 F.3d 330, 335 (4th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 290, 175 L.Ed.2d 194 (2009).) In so doing, a Court examines the sentence for "significant procedural

7

error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [ 18 U.S.C.] § 3553(a) [ (2006) ] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall,* 552 U.S. at 51, 128 S.Ct. 586.)   Purely legal conclusions, including Sixth Amendment issues, are subject to de novo review. *See United States v. Lawson,* 677 F.3d 629, 639 (4th Cir. 2012); *United States v. Strieper,* 666 F.3d 288, 292 (4th Cir. 2012).

## I.   THE DISTRICT COURT ERRED IN INCREASING MR. WASHINGTON'S MANDATORY MINIMUM SENTENCE.

As recently enunciated by the United States Supreme Court in *Alleyne v. United States*, 133 S.Ct. 1251 (2013), facts that increase mandatory minimum sentences must be submitted to the jury.   Because this was not done with Mr. Washington, his conviction must be vacated, and a new trial awarded.

"The Sixth Amendment provides that those 'accused' of a 'crime' have the right to a trial by 'an impartial jury.'   This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Alleyne*, at 2156 (*citing United States v. Gaudin*, 515 U.S. 506, 510 (1995); *In re Winship*, 397 U.S. 358, 364 (1970)).   The issue has become what factors are elements of the offense, as opposed to sentencing factors.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court determined that any fact which increases a defendant's possible punishment is an

8

element of the crime, and therefore must be proven to the jury beyond a reasonable doubt. *See Apprendi*, at 483, 490.   Two years later in *Harris v. United States*, 536 U.S. 545 (2002), the Supreme Court determined that judicial factfinding that only increases a mandatory minimum sentence for a crime, but does not impact the maximum possible punishment, permissible under the Sixth Amendment. *Harris*, at 557.   *Harris'* error was corrected eleven years later in *Alleyne*.

Like in *Harris*, the defendant in *Alleyne* was convicted of violating 18 United States Code Section 924(c)(1)(A).   The jury's verdict form indicated that the defendant had "[u]sed or carried a firearm during and in relation to a crime of violence," but declined to indicate a finding that the firearm was "brandished." *See Alleyne*, at 2156.   Section 924(c)(1)(A)(i) provides that a defendant who "used or carried" a firearm is subject to a term of imprisonment of not less than 5 years, while Section 924(c)(1)(A)(ii) increases the mandatory minimum sentence to 7 years where the subject firearm is "brandished."   At sentencing, the District Court concluded that the firearm was brandished and sentenced the defendant accordingly.

Justice Thomas, writing for the majority, outlined that

> In *Apprendi*, we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed. 530 U.S., at 483, n.10.   While *Harris* declined to extend this principle to facts increasing mandatory minimum sentences, *Apprendi's* definition of 'elements' necessarily includes not only facts that increase the ceiling, but also those that increase the floor.   Both kinds of facts alter the prescribed range of sentences to which a defendant is

9

> exposed and do so in a manner that aggravates the punishment. 530 U.S., at 483, n.10; *Harris*, *supra*, at 579 (Thomas, J. dissenting). Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.

> *Alleyne*, at 2158.

Thus, a sentence is unconstitutional where the District Court, not the jury, raises the "floor" of the sentence based upon judicially found facts. Such was done in Mr. Washington's case, and therefore, his sentence is unconstitutional.

Pursuant to 21 United States Code Section 841(b)(1), any person who is convicted of manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, five kilograms or more of cocaine and/or 280 grams of cocaine base is subject to a ten year mandatory minimum sentence. If, however, such a violation occurs after a prior conviction for a felony drug offense has become final, that convicted person now is subject to an increased mandatory minimum sentence of twenty years incarceration.

As previously noted, an § 851 Information was filed in the instant matter advising Mr. Washington that the Government was seeking to subject him to the aforementioned aggravated sentence because of a 2004 narcotics conviction. **See JA, p. 44.** Thus, upon concluding the fact of the prior conviction and the proper application to the instant proceeding, the District Court, not the jury, increases the sentencing "floor" from ten to twenty years incarceration. As outlined in *Alleyne*,

"[a] fact that increases a sentencing floor, thus, forms an essential ingredient of the offense." *Alleyne*, at 2161. "When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *See id.* at 2162. It is undisputed this was not done in Mr. Washington's case. **See JA, p. 152.**

While *Apprendi*, by its language, would exempt from the judicial fact finding prohibition "the fact of a prior conviction," where the sentencing court goes beyond the mere identification of a prior conviction and delves into the underlying conduct, such runs afoul of the Sixth Amendment. *See Descamps v. United States*, 133 S.Ct. 2276 (2013)(*citing Apprendi*, at 590)(prohibiting the use of the "modified categorical approach" in ACCA determination when the defendant was previously convicted under an indivisible statute).[3,4] Such a factual review was required in the instant situation, therefore creating the Constitutional problem.

As evidenced by the jury's guilty verdict on Count One, Mr. Washington was convicted of, beginning in the summer of 2000, engaging in a Conspiracy to distribute, and possess with the intent to distribute cocaine and cocaine base. **See JA,**

---

[3] Of note, Justice Thomas, who wrote the majority opinion in *Alleyne*, wrote a concurring opinion in *Descamps* reaffirming his belief that ACCA runs afoul of *Apprendi. See Descamps*, 133 S.Ct. at 2294-95; *see also James v. United States*, 550 U.S. 192, 231 (2007)(dissenting opinion).

[4] Mr. Washington would also seek to challenge the Constitutionality of the ability of a judge to find the fact of a prior conviction. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Mr. Washington, however, acknowledges that the law currently permits such consideration.

**p. 45-46; 72-74.** As previously noted, the offending conviction which serves the basis for the § 851 enhancement occurred in 2004, with the underlying conduct occurring in December 2003. **See JA, p. 44.** Thus, the instant inquiry does not end with the mere existence of the conviction, but as this Court has previously outlined, a factual determination must be made as to whether the defendant engaged in continued involvement in the charged conspiracy *after* conviction. *See United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997); *see also United States v. Smith*, 451 F.3d 209, 224-25 (4th Cir. 2006). Where, as here, an inquiry is required beyond the mere existence of a conviction, the inquiry must be performed by the jury, not the sentencing court. Because this determination was made by the District Court, not the jury, Mr. Washington's Sixth Amendment rights were violated.

This Court has previously rejected a Government proposal for review of "facts" in evaluating the propriety of use a prior conviction for enhancement purposes. In *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), this Court evaluated the propriety of a District Court examining transcripts to determine whether a prior *Alford* conviction for second degree assault could serve as an Armed Career Criminal Act ("ACCA") predicate offense where, under Maryland law, second degree assault, included several different generic crimes, some of which are violent felonies, and some of which are not. The District Court reviewed the proffered facts and concluded that the factual underpinnings of the offense revealed

12

the defendant was subject to the enhanced penalties pursuant to ACCA. *See Alston*, at 223.

On appeal, Alston challenged that the District Court "violated his Sixth Amendment rights by making a finding of fact about the nature of his second-degree assault conviction in order to impose a sentence above what would otherwise be the statutory maximum." *Id*. at 224. After discussing the Supreme Court's ACCA analysis of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005), this Court illuminated the Sixth Amendment concerns originally voiced by the *Shepard* Court.

> Although the Sixth Amendment jury trial right does not include a right to have a jury find the fact of a prior conviction, *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998), at least a plurality of the *Shepard* Court was concerned about inquiries into facts about prior convictions that could not be conclusively established from the record and therefore could be disputed. *See Shepard* 544 U.S. at 24-26. . .. To avoid serious risks of unconstitutionality, the plurality determined that the Court should limit the scope of judicial factfinding on the disputed nature of a prior conviction. *Id.* at 25-26.

*See Alston*, at 225-26.

This Court went on to conclude that, consistent with the Sixth Amendment, a District Court may only find facts inherent in the fact of a prior conviction or admitted by the defendant. *See id.* at 226. "In short, *Shepard* prevents sentencing courts from assessing whether a prior conviction counts as an ACCA predicate conviction by relying on facts neither inherent in the conviction nor admitted by the

13

defendant." *Id.*   The District Court erred by considering facts outside of this limitation.

While Mr. Washington's enhanced sentence arose under § 851, as opposed to ACCA, the Sixth Amendment implications are the same, and the rights of the accused to have a jury make this determination persists.  As the Supreme Court recently noted, "[t]he Sixth Amendment contemplates that a jury – not a sentencing court – will find such facts [what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct], unanimously and beyond a reasonable doubt." *See Descamps*, at 2288.  "[W]hen a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment." *See id.* (*citing Shepard*, 544 U.S. at 24-26.).

Application of this premise to Mr. Washington's sentence further reveals the impropriety of the enhancement.  As previously noted, Mr. Washington was charged with a narcotics conspiracy which began in the summer of 2000.  The conviction which gives rise to the aggravated sentence occurred in 2004, during the temporal scope of the aforementioned conspiracy.  Thus, a separate, factual, determination had to be made as to whether the 2004 conviction qualified as a "prior" conviction. *See Howard*, 115 F.3d at 1158; *see also Smith*, 451 F.3d at 224-25.  This inquiry goes beyond any admission defendant may have made, and

14

delves into the province of the jury. It is beyond the mere "existence" of a conviction, *see Almendarez-Torres*, or the elements of that offense. *See Taylor; Shepard.* Instead, it is analogous to the prohibited inquiry of *Descamps* and cannot stand. Mr. Washington's conviction should be vacated.

## ARGUMENT II

**Standard of Review:**

Drug quantities found by the District Court and attributed to the defendant for sentencing purposes are reviewed for clear error. *United States v. Kellam*, 568 F.3d 125, 147 (4th Cir. 2009). An overall sentence, however, is reviewed for reasonableness, applying an abuse of discretion standard. *United States v. Evans*, 462 Fed.Appx. 315, 317 (4th Cir. 2012)(citing *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Layton,* 564 F.3d 330, 335 (4th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 290, 175 L.Ed.2d 194 (2009).) In so doing, a Court examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [ 18 U.S.C.] § 3553(a) [ (2006) ] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall,* 552 U.S. at 51, 128 S.Ct. 586.)

## II.    THE DISTRICT COURT ERRED IN ADOPTING THE PSR'S OFFENSE LEVEL OF 36 FOR MR. WASHINGTON.

As previously noted, Mr. Washington was originally sentenced to the judicially determined mandatory minimum sentence of two hundred forty (240) months. A determination by this Court that such a judicial determination was in error renews the relevance of Mr. Washington's underlying offense level. Before the District Court, Mr. Washington objected to the facts supporting conviction and his drug weights attributed to him in the PSR.[5]   No evidence was presented on the drug weights at the sentencing hearing because of the District Court's ruling on the § 851 enhancement, which determined the Sentence. Therefore, upon this Court's remand, for any subsequent sentence to be either procedurally or substantively reasonable, Mr. Washington should be permitted to have a hearing on the propriety of any drug weights attributed to him above and beyond those amounts specifically found by the jury, for which objection was lodged, and the District Court should hold sentencing anew.

---

[5] The five kilograms of cocaine and 280 grams of cocaine base attributed to Mr. Washington by the jury in Phase II result in an Offense Level of 32 (5,000 kilograms cocaine x 200 gram modifier = 1,000 kilograms marijuana equivalent, plus 280 grams cocaine base x 3,571 gram modifier = 999.88 kilograms marijuana equivalent, for a total of 1,999.88 kilograms marijuana equivalent). See JA, p. 75-77; USSG § 2D1.1, *Application Note 8(D), Drug Equivalency Table*.

## CONCLUSION

For the reasons set forth herein, this Court should remand this case to the District Court.  If the Government intends to pursue the § 851 enhancement, Mr. Washington's convictions should properly be vacated, and this matter be remanded for a new trial.  Alternatively, if the Government intends to waive the aggravated sentence, Mr. Washington's sentence should be vacated, and this matter remanded for sentencing anew, absent the aggravated sentence.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the Appellant would respectfully request oral argument in person in this matter.

Respectfully submitted,

s/ Jonathan M. Milling
Jonathan M. Milling
MILLING LAW FIRM, LLC
1614 Taylor Street, Suite C
Columbia, South Carolina 29201
(803) 451-7700 (telephone)
(804) 451-7701 (facsimile)
jmm@millinglaw.net

**ATTORNEY FOR DARRELL WASHINGTON**
**APPEAL NUMBER: 13-4100**

Columbia, South Carolina
August 5, 2013

17

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

No. 13-4100            **Caption:** UNITED STATES v. DARRELL T. WASHINGTON

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

☑      this brief contains _____4,046_____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐      this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

☑      this brief has been prepared in a proportionally spaced typeface using
Microsoft Word 2010_____ [*state name and version of word processing program*] in
_Times New Roman, 14 point_____ [*state font size and name of the type style*]; *or*

☐      this brief has been prepared in a monospaced typeface using
_____ [*state name and version of word processing program*]
with _____ [*state number of characters per inch and name of type style*].

(s) Jonathan M. Milling_____

Attorney for Darrell T. Washington_____

Dated: 8/5/2013_____

Rev. 03/03/11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

William Kenneth Witherspoon
Office of the United States Attorney
1441 Main Street
Suite 500
Columbia SC 29201-2692
803-929-3026
William.K.Witherspoon@usdoj.gov


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664



Filing and service were performed by direction of counsel